IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wanda Hunt, ) | |
| ) | Civil Action No. 8:07-1259-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Mortgage Electronic Registration a/k/a ) | |
| Household Finance II n/k/a HSBC ) | |
| Mortgage Corp.; Rogers Townsend, ) | |
| Thomas Law Firm; Womble Carlyle ) | |
| Sandridge & Rice; MWCC; Ratchford & ) | |
| Hamilton Law Firm; and Robert Jones, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the defendants' various motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6) [Docs. 28, 36, 43, 49, 55, 71].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

Taken in a light most favorable to her, the plaintiff's Complaint alleges that the defendant HSBC Mortgage Services Inc. foreclosed on her house under false pretenses. She also alleges that HSBC violated a forbearance agreement and "stole" money from her, which she had paid pursuant to the forbearance agreement. The defendant Robert Jones is an employee of HSBC, whom the plaintiff claims was a participant in the misappropriation of her money. The plaintiff has also implicated the defendants Rogers, Townsend & Thomas LP and Ratchford & Hamilton LLP in this case because they both participated as foreclosing attorneys. The defendant MWCC LLC purchased the foreclosed property. The

defendant Womble Carlyle Sandridge & Rice PLLC represented MWCC in that purchase. Facts related to the defendants other than HSBC are largely found in the responses of the plaintiff to the motions to dismiss and will be discussed below, to the extent they are relevant.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

**I. SUBJECT MATTER JURISDICTION**

Defendants Rogers, Townsend & Thomas, LP ("RTT") and Rachford & Hamilton LLP ("RH") must be dismissed from the case because the Court lacks subject matter jurisdiction to entertain the case as to them. As to all of the defendants in this case, the Complaint must establish some basis for jurisdiction over the subject matter of the lawsuit. That requirement is most typically met based either on the existence of a federal question or on the diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. After a careful review of the Complaint, the Court concludes that neither bases is present as to RTT and RH. While all of the defendants advance this argument, for the reasons addressed below, it is only effective as to RTT and RH.

**A. Federal Question**

Section 1331 of the United States Code states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332. The plaintiff has not specifically identified any federal law or constitutional provision upon which her claims are based. Each of the defendants in this case have emphasized this point to the Court. Even still, the plaintiff has not made any effort to clarify the federal statutory or constitutional basis for any of her claims, in response. In fact, she has wholly ignored the jurisdictional objections raised by the defendants.

The only word in the plaintiff's entire Complaint which carries even a modicum of federal connotation is the word "discrimination" included in the litany of claims listed on page 4. Notwithstanding that word, the plaintiff has not devoted, either in her Complaint or in any of the numerous responses she has filed to the pending motions to dismiss, even a single sentence or phrase describing the factual predicate justifying the inclusion of a claim entitled "discrimination." Accordingly, the Court has no basis upon which to assume that

the plaintiff intended a discrimination claim pursuant to federal law. In fact, she has pled no discrimination claim whatsoever, either federal or state in nature.

Out of an abundance of caution, however, the Court has considered the factual allegations contained in the plaintiff's Complaint in relation to those federal statutory schemes which might even remotely be implicated on the facts of this case, including 42 U.S.C.A. § 1983; the Truth In Lending Act ("TILA"), 15 U.S.C.A. § 1601 *et seq*.; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (2000). The facts and allegations of the Complaint, regarding RTT and RH, simply do not reflect the elements of those federal statutory schemes, or any other of which the Court is aware. Therefore, even assuming the Court did impute a federal quality to the word "discrimination," the plaintiff has not pled facts that if believed would entitle her to relief. She has simply pled no facts, whatsoever, concerning any specific discrimination.

### B.     Diversity Jurisdiction

The second possible basis for subject matter jurisdiction in this case is diversity of citizenship between the plaintiff and each of the defendants. Section 1332 of the United States Code states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. That statutory provision has been interpreted to require what is called "complete diversity." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). In other words, the plaintiff must be from a different state than all of the defendants which she has brought into the action. As a result, all of the defendants, in this case, have argued that the action should be dismissed as to each of them, as it is undisputed that the plaintiff and defendants RTT and RH are

4

South Carolina residents and, therefore, non-diverse to the plaintiff.[1]  The non-diversity of RTT and RH, however, does not justify the dismissal of the other defendants who are, in fact, diverse to her.

The United States Supreme Court has stated that a party whose presence deprives the court of jurisdiction may be dropped or severed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-838 (1989) (holding that Rule 21 authorizes courts to dismiss nondiverse defendants in order to cure jurisdictional defects, instead of the entire case); Fed. R. Civ. P. 21.  Rule 21 states that "[m]isjoinder of parties is not ground for dismissal of an action" and allows parties to be "dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.

Concerning diversity jurisdiction and Rule 21, the Supreme Court has stated, "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green*, 490 U.S. at 832.  The Court stated further:

> the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them.

---

[1] Rogers, Townsend & Thomas LP is a limited partnership existing and organized under the laws of the State of South Carolina.  Rachford & Hamilton LLP is a Limited Liability Partnership existing and organized under the laws of the State of South Carolina. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that for purposes of diversity, the citizenship of a non-corporate entity is the citizenship of all of its members); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (citizenship of an LLC is the citizenship of its members); *Simmons v. J.C. Penney Corp., Inc.*, 2007 WL 858846, *1 (D.S.C. Mar 19, 2007) (same).  There is no dispute that at least some of the members or RTT and RH, if not all, are citizens of South Carolina.

*Newman-Green*, 490 U.S. at 835, 109 S.Ct. 2218 (quotation omitted); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) (noting that the dismissal of a party under Rule 21 to cure a jurisdictional defect "ha[s] long been an exception to the time-of-filing rule"). This rule has been recognized by the Fourth Circuit. *See Martinez v. Duke Energy Corp.*, 130 Fed. Appx. 629, 636 (4th Cir. 2005); *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998). Accordingly, so long as RTT and RH are dispensable parties, they can be dismissed from the case in order to cure the jurisdictional defect.

The plaintiff nor the defendants have made any argument that RTT and RH indispensable to the action. Rule 19(b) of the Federal Rules of Civil Procedure lists four factors to be considered in deciding whether a suit can proceed in the absence of an allegedly necessary party. *See State of Idaho ex rel. Evans v. States of Oregon and Washington*, 444 U.S. 380, 386 (1980). These factors are (1) the extent to which a judgment rendered in the party's absence might be prejudicial to that party or those already parties; (2) the extent to which the court could lessen or avoid such prejudice by shaping the judgment or relief; (3) the court's ability to render an adequate judgment in the party's absence; and (4) the adequacy of remedies available to the plaintiff should the suit be dismissed. Applying these factors, the Court is unaware of any reason why the absence of RHH and RT would prejudice the Court in its ability to render judgment or relief to the plaintiff against the other defendants or otherwise limit the adequacy of the remedies available to her. As stated, the parties have not offered any. Her allegations against each of the defendants is unique to them and her rights as against any one of them does not seem diminished or aggrandized, legally, by their presence together in the same suit or by their absence therefrom.

Accordingly, Rogers, Townsend & Thomas PC's and Ratchford & Hamilton LLP's motions to dismiss are granted because the Court lacks subject matter jurisdiction over the

claims against them. The Court declines to grant the motions to dismiss of the other defendants on that basis but will consider other bases advanced.

**II.    OTHER DEFENDANTS**

### A.    Womble Carlyle Sandridge and Rice PLLC and MWCC LLC

WCSR represented defendant MWCC LLC in the purchase of the plaintiff's home at the foreclosure sale. The plaintiff has not plead a single allegation of wrongdoing against WCSR in her Complaint. On that basis alone, dismissal of the case against WCSR is warranted. To be sure, however, the Court will consider the plaintiff's response to WCSR's motion to dismiss. In that response, the plaintiff does give some texture to her grievances against WCSR. Specifically, the plaintiff questions whether WCSR performed a title search of the property, which would have revealed the pendency of the plaintiff's lawsuit concerning the same. Although it is not clear from either the Complaint or the briefs in this case, the Court assumes that the pending lawsuit contested the propriety of the foreclosure. The plaintiff further argues that, to the extent a proper title search was performed, WCSR was obligated to instruct MWCC not to purchase the property as a result of the pending lawsuit.

Even taking these allegations as true and liberally construing them to be a part of the plaintiff's Complaint, which they are not, the plaintiff has failed to plead any claim against WCSR upon which relief could be granted. As a general principle, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Stiles v. Onorato*, 457 S.E.2d 601, 602 (S.C. 1995) (citing *Gaar v. North Myrtle Beach Realty Co, Inc.*, 339 S.E.2d 887, 889 (S.C. Ct. App. 1986)). The purpose of the doctrine of attorney immunity is to encourage zealous representation of clients without fear of lawsuits by disgruntled opposing parties. *Gaar*, 339 S.E.2d at 889-90. Because a law firm normally conducts litigation solely in its professional capacity, the firm has no personal interest in the suit. *Id*. at 889. Thus,

if an attorney offers advice to his client in good faith and without malice, he cannot be liable for injury to a third party. *See id.*; *Buschi v. Kirven*, 775 F.2d 1240, 1250 (4th Cir. 1985).

The plaintiff has not alleged any malice on the part of WSRC against her. As stated, she has alleged no interaction, relation, or encounter whatsoever with WSRC, much less any *mens rea* directed at the plaintiff specifically. At best, she has alleged negligence on its part, but not any negligence in regards to any duty owed to her, specifically. While MWCC might hypothetically have a professional negligence claim against WSRC for violation of some duty owed to it, the Court cannot contemplate any basis upon which the plaintiff might so complain. In fact, the Court is not even aware of any legal prohibition against MWCC purchasing the property during the pendency of the plaintiff's lawsuit, even a lawsuit about which it was aware. Commenting without deciding, MWCC could presumably purchase the property subject to all manner of lien or priority, including a lawsuit, so long as it were willing to assume the risk that another party might ultimately have a claim to the property superior to its own. Concomitantly, the plaintiff seemingly has no complaint against a party or that party's legal representation concerning the purchase of a property subject to foreclosure, even if a lawsuit is pending as to it, because her rights in the property are protected not by the forbearance of any purchaser, but by the lawsuit itself.[2] If she prevails in the lawsuit, she would seemingly have substantial basis to go against any others claiming greater title in the property.

Regardless, the plaintiff has not pled any basis, in contract, tort, statute, or otherwise, for a duty owed her by WSRC. Even to the extent such a duty has been pled, she has further failed to plead how such a duty was violated as to her. It is worth repeating

---

[2] Of course, the plaintiff would always have an action to go after property which was hers. But, such an action is to be distinguished from what she has attempted to do in this case where she has brought a claim against MWCC simply for the purchase, itself, absent any specific judgment that the property is hers.

8

that the plaintiff has not pled any material factual allegations against WSRC in her Complaint.

For these exact same reasons, the plaintiff has failed to plead a claim upon which any relief might be granted as to MWCC. The plaintiff did not plead any wrongdoing against MWCC in her Complaint and only reiterates, in her response to MWCC's motion to dismiss, her belief that MWCC should have either performed a title search or, if it did, should have refrained from purchasing the property once the lawsuit was revealed by such a search. As with WCSR, the Court is unaware of any duty owed or violated by MWCC concerning the plaintiff. Moreover, the Court, again, has not been made aware, either by the parties or through its own effort, of any prohibition against MWCC purchasing the property subject to a pending lawsuit. The plaintiff has simply failed to allege, in her Complaint, any wrongdoing of MWCC.

**B.     HSBC Mortgage Services, Inc. and Robert Jones**

HSBC and Robert Jones summarily contend that the Complaint fails to state a claim against them. Unlike her treatment of WSRC and MWCC, the plaintiff has directed the bulk of her allegations and earnest claims of wrongdoing at HSBC. Specifically, the plaintiff claims that HSBC (1) improperly declined a down payment made concerning a forbearance agreement; (2) stole over $10,000 of that down payment (although the check was returned); and (3) otherwise improperly foreclosed on her property. The plaintiff also claims that Jones, an employee of HSBC, had some involvement in the misappropriation of her down payment. Under the liberal pleading requirements, the Court cannot conclude that the plaintiff has failed to plead at least some claim upon which relief could be granted against HSBC and Jones, assuming that her essential allegations ultimately proved true. HSBC and Jones make no real attempt to argue to the contrary.

HSBC and Jones also argue that the Court should decline to exercise jurisdiction over the case on the basis of the *Colorado River* Abstention Doctrine. *See Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Court is well familiar with that doctrine. While the Supreme Court has noted that "generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *Colorado River*, 424 U.S. at 817 (internal quotation marks omitted), abstention may be appropriate in certain limited circumstances, which HSBC and Jones contend exist here. Specifically, where there exist parallel federal and state suits which present "exceptional circumstances," a district court may elect to defer to the state court and its proceedings. *Id*. at 817-18.

Fundamental to the application of the *Colorado River* doctrine, therefore, is the presence of parallel proceedings in state and federal court. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. International Union, United Mine Workers of America*, 946 F.2d 1072 (4th Cir. 1991). Notwithstanding the plaintiff's concession in her Complaint that she has "begun other lawsuits in [state] court dealing with the same facts involved in this action," the Court is disinclined to abstain on the record before it.

First, HSBC has not given the Court copies of the state court complaints pending against it.[3] Second, the plaintiff's concession in her Complaint concerning her state court lawsuits is not enough for the Court, in good conscience, to confirm that the concurrent proceedings, in fact, involve "substantially the same issues." Likewise, the Court cannot take the mere assertion of HSBC and Jones, although honestly given, that the state and

---

[3] HSBC may have refrained from submitting such documents because the motion is one to dismiss. But the Court believes that it may look beyond the four corners of the Complaint in regards to jurisdictional issues. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995); *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir.1986). It appears that the plaintiff has submitted a state court complaint against HSBC. [Doc. 87.] But, the Court has no briefing in regards to it and Robert Jones is not a named defendant in that Complaint. The Court believes it is prudent to refrain from deciding the abstention issue until such time as HSBC and Jones have submitted what they certify to be the extent of the state court litigation, which is allegedly parallel to this case in both issue and parties.

federal actions involve the same issues and the same parties. That is the ultimate inquiry reserved for the Court.

Even if the Court could conclude that the proceedings are parallel, it is premature to examine whether they present exceptional circumstances. In determining whether exceptional circumstances exist, the Court may consider (1) whether any court has assumed jurisdiction over property, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," and (4) "the order in which jurisdiction was obtained by the concurrent forums." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Since *Colorado River*, the United States Supreme Court has added additional factors such as whether a federal question is presented in the case and whether either the state or the federal suit "was a contrived, defensive reaction to the other," simply constituting a "vexatious use of the federal courts." *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992) (citing *Moses*, 460 U.S. at 17-18, n.20, 23).

In regards to the first consideration, HSBC again represents that the "Courts of the State of South Carolina have already assumed jurisdiction over the *res*, the Plaintiff's home and will decide issues of ownership." (HSBC Mem. Supp. Mot. Dismiss at 9 [Doc. 43].) The Court, however, has no specific evidence to this end, of which it is aware.

In light of the Supreme Court's admonition that "[o]nly the clearest of justifications will warrant dismissal" under *Colorado River*, the Court will not recommend dismissal of the case based upon the partial record before it. The balance of considerations in an abstention case is always "heavily weighted in favor of the exercise of jurisdiction." *Moses*, 460 U.S. at 16.

Notwithstanding, the undisputed representations of the defendants and the admissions of the plaintiff strongly suggest that abstention might very well be warranted once the relevant information is before the Court. HSBC and Jones should be given leave to renew their motion, for the Court's review, with supplemental briefing and evidence.

11

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the following motions to dismiss of the defendants [Docs. 28, 36, 49, 55, 71], should be GRANTED. It is further recommended that the motion to dismiss of the defendant HSBC Mortgage Services, Inc. and Robert Jones should be DENIED [Doc. 43].

                                                s/Bruce H. Hendricks
                                                United States Magistrate Judge

October 9, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).