IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wanda Hunt, ) | |
| ) | C.A. No. 6:07-1259-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Mortgage Electronic Registration a/k/a ) | |
| Household Finance II n/k/a HSBC ) | |
| Mortgage Corp.; Rogers Townsend ) | |
| Thomas Law Firm; Womble Carlyle ) | |
| Sandridge & Rice; MWCC; ) | |
| Ratchford & Hamilton Law Firm; and ) | |
| Robert Jones, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 for the District of South Carolina.[1] Wanda Hunt ("Hunt") asserts various causes of action arising from the foreclosure of her house. Magistrate Judge Hendricks recommends denying HSBC Mortgage Services, Inc. ("HSBC") and Robert Jones's ("Jones") motion to dismiss and granting the remaining defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and rule 12(b)(1) for lack of jurisdiction over the subject matter.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In her complaint, Hunt alleges that "HSBC stole $10,164.00 from [her and] foreclosed on [her] house under false pretense." (Compl. 3.) The defendant Robert Jones is an employee of HSBC whom Hunt claims was involved in the misappropriation of the $10,164.00. (Id. 4.) Attorneys from the defendant law firms Rogers, Townsend, & Thomas ("RT&T") and Ratchford & Hamilton, LLP ("R&H") participated as foreclosing attorneys. (Id. 3.) Defendant Womble, Carlyle, Sandridge, & Rice ("WCSR") represented defendant MWCC, the purchaser of Hunt's house. (Id.)

## II. REPORT AND RECOMMENDATION

Magistrate Judge Hendricks recommends dismissing defendants RT&T and R&H from the case because the court lacks subject matter jurisdiction over them as non-diverse defendants. (Report and Recommendation 3-5.) In addition, the Magistrate Judge recommends dismissing WCSR and MWCC because Hunt has alleged no wrongdoing against these defendants in the complaint and because these defendants neither owed nor violated any duty to Hunt. (Id. 7-9.) Finally, the Magistrate Judge recommends denying HSBC and Jones's motion to dismiss because "the Court cannot conclude that the plaintiff has failed to plead at least some claim upon which relief could be granted against HSBC and Jones." (Id. 9.) Further, Magistrate Judge Hendricks noted that while HSBC and Jones's argument that the Colorado River abstention doctrine should apply could have merit, these defendants failed to provide the court with the state court documents necessary to determine this issue. (Id. 9-11.)

### III. OBJECTIONS

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hunt and Jones and HSBC filed objections to the Report and Recommendation. After review, however, the court finds that Hunt's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate her claims. HSBC and Jones object to the Magistrate Judge's finding that the allegations in Hunt's complaint are sufficient to withstand a Rule 12(b)(6) motion for failure to state a claim. (Defs.' Objections 3-4.) In addition, HSBC and Jones assert that they provided the court with state court documents involved in the allegedly parallel state court proceedings and reassert their argument that the Colorado River abstention doctrine should apply to this case. (Id. 6-10.)

### IV. DISCUSSION OF LAW

#### A. Rule 12(b)(6)

HSBC and Jones contend that Hunt's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Objections 3.) In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (U.S. 2007), the United States Supreme Court recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, 'grounds' of his 'entitlement to relief' requires

3

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted).

Under this standard, the court finds that Hunt's complaint is insufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). In the complaint, Hunt alleges that HSBC "stole $10,164.00 along with stealing my house." (Compl. 4.) In addition, Hunt alleges that Jones "can't seem to find my forebearance agreement nor my $10,164.00." (Id.) Even construing Hunt's complaint liberally, she does not present sufficient factual grounds to withstand HSBC and Jones's motion to dismiss. Hunt's complaint contains only conclusory and speculative statements that are insufficient to state a claim. See Twombly, 127 S. Ct. at 1965 ("[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (internal quotation marks and citations omitted)). Therefore, the court grants HSBC and Jones's motion to dismiss pursuant to Rule 12(b)(6).

### B. Colorado River Abstention Doctrine

The Colorado River doctrine delineates when a federal court may abstain from hearing a case in deference to ongoing state proceedings. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (internal quotation marks omitted). This is due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id.

Despite the general rule, abstention is appropriate in certain limited circumstances. First, there must be parallel proceedings in state and federal court. If so, exceptional circumstances

4

must exist to warrant abstention. In determining whether exceptional circumstances exist, the court may consider (1) whether any court has assumed jurisdiction over property, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," and (4) "the order in which jurisdiction was obtained by the concurrent forums." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983). In addition, the court may consider "whether a federal question is presented in the case . . . and whether either the state or the federal suit was a contrived, defensive reaction to the other." McLaughlin v. United Va. Bank, 955 F.2d 930, 934-35 (4th Cir. 1992) (internal quotation marks and citations omitted).

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New Beckley Min. Corp. v. Intern'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991). Hunt has filed a state court action against Mortgage Electronic Registration a/k/a/ Household Finance II n/k/a/ HSBC as well as MWCC in the Greenville County Court of Common Pleas. (HSBC's Mem. Supp. Mot. Dismiss Ex. A (State Court Pleadings 2).) In that action, she has raised the same allegations and claims as in the instant action, all arising from the foreclosure of her house. While Jones is not a party to the state court action, all of Hunt's claims in the instant proceedings arise from actions he made as an employee of HSBC. (Compl. 3-4.) Further, the factual allegations in support of her claims are identical in the two actions. (HSBC's Mem. Supp. Mot. Dismiss Ex. A (State Court Pleadings 4-9).) Therefore, the court finds that the instant action and the state court action currently pending in the Greenville County Court of Common Pleas are parallel proceedings for purposes of the Colorado River doctrine.

In addition, the court finds that exceptional circumstances warrant abstention in the instant case. The original mortgage foreclosure proceeding involving Hunt's house was filed on July 24, 2004. (Id. 2 n.1).) That action is currently pending in the South Carolina Court of Appeals. On December 29, 2006, Hunt filed the state court civil action raising the same claims as in the instant action. (Id.) Therefore, not only were both state court actions involving Hunt's foreclosure filed first, but the foreclosure action was instituted over three years ago and has proceeded to the appellate level. In addition, South Carolina state courts have already assumed jurisdiction over Hunt's house, and will ultimately determine whether the foreclosure was proper. Further, there is no federal issue in this case and piecemeal litigation will result if this case is not dismissed. Finally, the instant action appears to be a "contrived, defensive reaction" to Hunt's frustration with her state court proceedings as the claims in this action are identical to those in her currently pending state court action, and she states in her complaint that she has "been trying to negotiate this matter for two (2) years in several courts and HSBC still denies wrongdoing." (Compl. 4.) Hunt should not be allowed to pursue the instant action as a means of punishing HSBC for its defense in Hunt's pending state court actions. Therefore, the court finds <u>Colorado River</u> abstention appropriate in this case, and further, as stated above, finds Hunt's complaint subject to dismissal pursuant to Rule 12(b)(6). Based on the foregoing, the court adopts the Report and Recommendation in part and grants HSBC and Jones's motion to dismiss.

Therefore, it is

**ORDERED** that RT&T's motions to dismiss, docket numbers 28 and 71, are granted. It is further

**ORDERED** that R&H's motion to dismiss, docket number 36, is granted. It is further

**ORDERED** that HSBC and Jones's motion to dismiss, docket number 43, is granted. It is further

**ORDERED** that MWCC's motion to dismiss, docket number 49, is granted. It is further

**ORDERED** that WCSR's motion to dismiss, docket number 55, is granted.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
November 20, 2007

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified that she has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.